IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EDWARD SCOTT DOWNS,

    Petitioner,

v.

GENTNER DRUMMOND,[1]

    Respondent.

Case No. 22-CV-201-JFH-DES

**OPINION AND ORDER**

    Petitioner Edward Scott Downs, appearing *pro se*,[2] brings this action pursuant to 28 U.S.C. § 2254, seeking the dismissal of charges and the expungement of records in the District Court of Muskogee County, Case Nos. CF-1994-292 and CF-1996-468. Dkt. No. 1. Respondent Gentner Drummond has moved to dismiss the petition for lack of jurisdiction, arguing that Downs is no longer in custody under the sentence imposed in either case.[3] Dkt. No. 13; Dkt. No. 14. Downs did not submit a response in opposition to the motion. For the reasons discussed herein, the Court grants Drummond's motion and dismisses the petition.

**BACKGROUND**

    On August 30, 1994, Downs entered a plea of guilty in the District Court of Muskogee

---

[1] The Court substitutes the current state attorney general, Gentner Drummond, in the place of John O'Connor, as party respondent. *See* Brian R. Means, *Federal Habeas Manual* § 1:94 (2023).

[2] Because Downs appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[3] Drummond argues, in the alternative, that the petition is untimely under 28 U.S.C. § 2244(d)(1) and that Downs failed to exhaust available state remedies before filing the petition, in contravention of 28 U.S.C. § 2254(b)(1)(A). Because the court finds that it lacks jurisdiction over Downs' claims, the Court need not address these alternative arguments for dismissal.

County, Case No. CF-1994-292 to assault with a deadly weapon. Dkt. No. 14-1 at 1.[4]  The state district court imposed a three-year term of probation and deferred further proceedings without entry of judgment, pursuant to Okla. Stat. tit. 22, § 991c. *Id.*  The court directed that, "[u]pon completion of said probation term the defendant shall be discharged without a judgment of guilty, and the plea of guilty herein shall be expunged from the record and said charge shall be dismissed with prejudice to any further action." *Id.*  Downs likewise entered a plea of guilty on June 4, 1996, in District Court of Muskogee County, Case No. CF-1996-468 to unlawful possession of marijuana with intent to distribute.  Dkt. No. 14-2 at 1-5.  The state district court imposed a ten-year suspended sentence with probation, to be served concurrently with the sentence imposed in Case No. CF-1994-292. Dkt. No. 14-3 at 1-2; Dkt. No. 14-5 at 2.  Oklahoma Department of Corrections (ODOC) records reflect that Downs completed his three-year term of probation for Case No. CF-1994-292 on August 29, 1997, and completed his ten-year term of probation for Case No. CF-1996-468 on June 3, 2006.  Dkt. No. 14-8 at 2.

Downs initiated this federal habeas action on June 26, 2022, alleging that his sentences in Case Nos. CF-1994-292 and CF-1996-468 were "illegal" in light of the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020).  Dkt. No. 1 at 5, 15.  Downs asserts that his sentences "have already been served" but requests that the "charges be dismissed and expunged off of [his] record, along with court costs and fines." *Id.* at 5, 13-14.

## DISCUSSION

Section 2254(a) provides that a writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court" if that person "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The "in custody"

---

[4]  The Court's citations refer to the CM/ECF header pagination.

requirement "is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition." *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) (internal quotation marks omitted).

Downs attests in his petition that he has completed the sentences imposed in Case Nos. CF-1994-292 and CF-1996-468. Dkt. No. 1 at 5, 13-14. This assertion is fully supported by the record, which reflects that the sentences expired in 1997 and 2006, respectively. Dkt. No. 14-8 at 2. Thus, it is clear Downs was not "in custody" under Case No. CF-1994-292 or CF-1996-468 for purposes of federal habeas review at the time he initiated this action. *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").[5]

## CONCLUSION

For the foregoing reasons, the Court determines that it lacks jurisdiction to consider Downs' petition. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on jurisdictional grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[5] While a petitioner may, under certain limited circumstances, challenge a prior, expired conviction "in the attack upon [a] current sentence which it was used to enhance," Downs does not allege that his sentences in Case Nos. CF-1994-292 and CF-1996-468 were used to enhance a sentence he is currently serving. *Lackawanna Cnty. Dist. Att'y*, 532 U.S. at 402-05 (alterations and internal quotation marks omitted); *see McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) ("[I]f a petition putatively challenging an earlier conviction for which the petitioner is no longer in custody 'can be read as asserting a challenge to' a later sentence on which he remains in custody, on the ground that the later sentence was 'enhanced by the allegedly invalid prior conviction,' the petitioner 'has satisfied the "in custody" requirement for federal habeas jurisdiction.'").
.

IT IS THEREFORE ORDERED that:

1. The Clerk of Court shall note on the record the substitution of Gentner Drummond in place of John O'Connor as party respondent;

2. Respondent's motion to dismiss the petition [Dkt. No. 13] is GRANTED;

3. The petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED without prejudice for lack of jurisdiction;

4. A certificate of appealability is DENIED; and

5. A separate judgment shall be entered in this matter.

Dated this 13th day of July 2023.

                                                JOHN F. HEIL, III
                                              UNITED STATES DISTRICT JUDGE